IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Steven McAllister, | ) | C/A No. 8:17-cv-01730-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On August 20, 2018, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be reversed and remanded. ECF No. 23. On August 29, 2018, the Commissioner filed objections to the Report. ECF No. 24. Plaintiff filed a Reply on September 25, 2018. ECF No. 29. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

Plaintiff applied for SSI on October 3, 2014, alleging that he has been disabled since March 8, 2014.  Plaintiff's claim was denied initially and upon reconsideration.  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 20, 2016. The ALJ denied Plaintiff's claim in a decision issued

December 27, 2016.  The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

In his request for judicial review, Plaintiff raises four claims.  First, Plaintiff asserts that the ALJ failed to properly consider Plaintiff's schizoaffective disorder.  Second, Plaintiff contends that the ALJ failed to use substantial evidence in his evaluation of Listing 1.04, disorders of the spine.  Third, Plaintiff claims that Vocational Expert ("VE") testimony was required.  Finally, Plaintiff contends the ALJ wrongly dismissed the opinion of the treating physician and nonmedical source opinion.

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable legal standards in her Report, which the Court incorporates by reference. The Magistrate Judge evaluated the merits of Plaintiff's arguments and found that the ALJ erred by relying on the Medical-Vocational Guidelines ("the Grids") and not requiring a VE to testify at the hearing.  Therefore, the Magistrate Judge recommended remanding the case so that the ALJ can take testimony from a VE to properly evaluate Plaintiff's claim for SSI benefits.  The Commissioner filed Objections, claiming the ALJ properly relied solely on the Grids in determining that Plaintiff was not disabled.

## DISCUSSION

The Commissioner may, at times, rely exclusively on the Grids when evaluating a claimant's disability.  However, "when a claimant suffers from both exertional and nonexertional limitations, the grid tables are not conclusive but may only serve as guidelines."  *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989).  While "not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids[,] . . . [t]he proper inquiry . . . is whether the nonexertional

3

condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Id.* at 49 (internal citations omitted). Thus, when a claimant "demonstrates the presence of nonexertional impairments, the Secretary, in order to prevail, must be required to prove by expert vocational testimony that, despite [the claimant's] combination of nonexertional and exertional impairments, specific jobs exist in the national economy which he can perform." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983).

Here, the ALJ found that Plaintiff suffers from severe impairments of, *inter alia*, degenerative disc disease, anxiety, and depression. The ALJ further found that Plaintiff has moderate difficulties in concentration, persistence, or pace, and that Plaintiff "is limited to understanding, remembering, and carrying out simple instructions." ECF No. 13-2 at 22–23. Moreover, at Step Five of the sequential analysis, the ALJ found:

> If the claimant had the residual functional capacity to perform the full range of medium work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by the [Grids]. However, the additional limitations have little or no effect on the occupational base of unskilled medium work. The postural limitations would not significantly limit the medium occupational base. Further, the claimant's ability to understand, remember, and carry out simple instructions is one of the basic mental demands of competitive, remunerative, unskilled work, and therefore does not preclude the performance of unskilled work. A finding of "not disabled" is therefore appropriate under this rule.

*Id.* at 28.

The Commissioner contends in her Objections that the Magistrate Judge "did not review the soundness of the ALJ's mental RFC assessment before drawing its conclusion about the Grids." ECF No. 24 at 6. Had she done so, the Commissioner argues, the Report would have recommended affirming the ALJ's order. The Court disagrees.

4

As the Commissioner acknowledges in her Objections, "the Fourth Circuit Court of Appeals, while emphasizing the importance of an ALJ-supplied explanation, noted that there is no one-size-fits-all accommodation for a finding of moderate limitations in maintaining concentration, persistence, or pace . . . ." *Id.* at 7. That is the very reason it is critical for the ALJ to hear testimony from a VE. Indeed, after reviewing the relevant case law from this District and Circuit, the Court holds that the testimony of a VE was necessary in light of Plaintiff's nonexertional impairments. *See,e.g., Sherby v. Astrue*, 767 F. Supp. 2d 592, 600 (D.S.C. 2010) ("In making this determination, the ALJ, in effect became a vocational expert. Whether plaintiff's moderate impairment in the area of concentration, persistence and pace limited plaintiff to one and two step jobs and whether such eroded the occupational base and to what degree it was eroded was a determination for a vocational expert." (quoting *Bonds v. Astrue,* No. 07-1135, 2008 WL 2952446, at *11 (D.S.C. July 29, 2008))).

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report, reverses the decision of the Commissioner, and remands pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation of Plaintiff's claim as indicated above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

March 19, 2019
Spartanburg, South Carolina